Herbert McCabe, Trustee, Appellee, v. Albert Fluck-
inger, Appellant.

**JUDGMENT: Opening or Vacating—Default—Burden of Proof.** The
burden of proof is on one moving to set aside a default judg-
ment, to prove existence of facts on which he relies.

**APPEAL AND ERROR: Review—Motion to Set Aside Default—Pre-**
sumptions—Evidence. Where there is a conflict between an
affidavit filed by defendant in support of a motion to set aside
a default, and affidavit of the plaintiff, a judgment by the trial
court refusing to set aside the default will not be. disturbed by
the Supreme Court.

*Appeal from Dubuque District Court.*—D. E. Maguire,
Judge.

MAY 21, 1919.

REHEARING DENIED SEPTEMBER 20, 1919.

APPEAL from a ruling on a motion to set aside a de-
fault and judgment. Motion overruled. Defendant ap-
peals.—*Affirmed.*

*G. A. Barnes,* for appellant.

*John A. Cunningham* and *L. G. Hurd,* for appellee.

GAYNOR, J.—Plaintiff is, and at the time this action
was commenced was, trustee in bankruptcy in the matter
of the estate of Melchoir Schmitt. In that capacity, he
commenced an action against the defendant herein to re-
cover a certain sum claimed to be due for goods, wares,
and merchandise sold by the bankrupt to the defendant
between the 1st day of April, 1916, and the 1st day of July,
1916. The petition in bankruptcy was filed on July 20,
1916. Plaintiff was not adjudged a bankrupt until the 24th
day of August, 1916. The amount claimed in this suit is
$244.49. On July 2, 1917, due notice was served on the

defendant, by the trustee in bankruptcy, of the filing of the
petition, and of the subject-matter of the claim against him.
The defendant failed to appear, and judgment by default
was entered against him on the 2d day of October, 1917.
On the 4th of October, defendant was granted leave to file a
motion to set aside the judgment; and on the 5th, it was
ordered that said motion be presented within 30 days, and
execution stayed until the motion was passed upon. On the
29th day of October, a motion was filed, supported by his
own affidavit, in which he says that; on the day the notice
of suit was served upon him, he met plaintiff's attorney,
John A. Cunningham, on the street, and had a conversation
with him in regard to the case; that he made a proposition
of settlement; that the said Cunningham took the proposi-
tion under advisement, and agreed that nothing further
would be done in said case until after he had submitted the
proposition to his client, and until after he had notified the
defendant as to whether or not the proposition would be
accepted; that he made the proposition to avoid trouble
and expense, and that it was made in good faith; that, up
to the time of the entry of the default, John A. Cunningham
had never communicated with him, as he agreed to do, and
never informed him in any way as to whether or not his
client would accept or reject the proposition of settlement;
that he relied upon this promise, and believed, at the time,
that the said John A. Cunningham was acting in good
faith; that nothing further was done by him in said cause,
because of his reliance upon the good faith of plaintiff's at-
torney. He further says that he has a full and complete de-
fense, and sets out the facts upon which he predicates his
defense.

In an amendment to his affidavit, he says that the ar-
rangement was never reduced to writing, and he relied up-
on the verbal statement made by Cunningham.

Thereupon, defendant presented for filing, in the event

his motion should be sustained, an answer and counter-claim, in which he alleges that, on the 10th day of May, 1916, he entered into a verbal contract with Melchoir Schmitt, in which Schmitt agreed to purchase from him a Metz truck, of a pattern and style that defendant did not then have in stock, said truck to be equipped with demountable rims, and Schmitt agreed to pay for said truck $600, in sausage meat and other goods and merchandise manufactured by Schmitt, as the same should be needed by the defendant, until the $600 was fully paid; that there was due said Melchoir Schmitt from the defendant, on the 10th day of May, 1916, for goods already furnished, $74.64; that, at the time the truck was delivered, it was not equipped with demountable rims, and Schmitt refused to accept it; that the defendant then agreed that it could be used by Schmitt until the same was equipped with demountable rims. He further says that Schmitt used said truck from May 10th to July 1st, a period of 50 days, at which time, Schmitt failed in business, and refused and neglected to carry out the terms of the contract; that the reasonable value of the use of the truck was $6.00 a day, or $300.

It does not appear, nor is it claimed, that the defendant ever furnished the demountable rims.

By way of counterclaim, the defendant says that, when the truck was delivered to Melchoir Schmitt, it was new, and was worth the sum of $600; that, when returned to the defendant, it was not worth to exceed $275; that he has been damaged by the failure of said Schmitt to carry out the terms of said contract in the sum of $325.

In the matter of the motion to set aside the default, the plaintiff filed counter affidavits. John A. Cunningham deposed and said that, since the time of the service of the notice, he never had any talk with defendant in reference to anything pertaining to the case, and he absolutely and unqualifiedly denies each and every allegation made by

defendant as to any oral agreement such as appears in defendant's affidavit, attached to his motion to set aside the judgment.

It appears, also, that, prior to the commencement of this action, the defendant in this suit brought an action in replevin against Melchoir Schmitt to recover the possession of the truck referred to in his affidavit, and that Schmitt afterwards became a bankrupt, and this plaintiff, as trustee, was substituted in his stead. It appears that, in that replevin suit, this defendant, testifying for himself, said that he often loaned trucks to prospective buyers, and made no practice of charging them for the use.

The duty of the court to set aside the default and judgment appears to rest purely upon whether Cunningham made the statements alleged to have been made by him, and entered into the agreement claimed to have been made, breached it, and thereby deceived defendant into failing to interpose any defense that he might have to the plaintiff's claim. This fact was resolved by the trial court against the defendant. There is a clear conflict between the affidavits filed by the defendant and the affidavit filed by Cunningham. We are not able to say which has told the truth. The burden was on defendant to prove the existence of the facts on which he relies. This appeal is based on error. We cannot say that the court erred in its decision. The court saw the parties. Until there is a clear showing of error in its ruling, we cannot disturb it. The case is, therefore,—*Affirmed.*

1. JUDGMENT: opening or vacating: default: burden of proof.

2. APPEAL AND ERROR: review: motion to set aside default: presumptions: evidence.

LADD, C. J., WEAVER and STEVENS, JJ., concur.